HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, | CASE NO. 2:23-cv-01619-RAJ |
| Plaintiff, | **ORDER** |
| v. | |
| THE OFFICE OF DISCIPLINARY COUNSEL, *et al.,* | |
| Defendants. | |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion for Abatement ("Motion").[1] Dkt. # 8.  For the reasons below, the Court **DENIES** the Motion.

## II.     LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North*

---

[1] Plaintiff cites no case law in support of the Motion and the Court will construe this as a motion to stay.

ORDER - 1

*American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13–cv–2014–H (KSC), 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). To determine if a stay is appropriate, the court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). There is no right to a stay and the party requesting a stay bears the burden of showing the circumstances justify a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

### III.   ANALYSIS

In the Motion, Plaintiff requests this Court stay this matter pending the outcome of his appeal of a similar case, *Turnbull v. State Bar of Texas, et al.*, No. 1:23-cv-00314, 2024 WL 818394 (W.D. Tx. Feb. 27, 2024) (the "Texas lawsuit"). The court dismissed the Texas lawsuit because it found Plaintiff failed to establish standing. In addition, Plaintiff asks this Court to stay the case until his attorney is admitted to practice law in Washington State.

Plaintiff asserts a stay is appropriate because this matter and the Texas lawsuit have the same underlying facts. Dkt. # 8. Plaintiff contends the cases are similar because they concern, "the Texas Bar and Washington Bar's discriminatory and wrongful handling of [Plaintiff's] grievances, which alleged that Microsoft's in-house and outside attorneys engaged in professional misconduct under their licensing state's rules of professional conduct." *Id*. at 3. This lawsuit relates to different defendants and different rules of professional conduct. The resolution of the Texas lawsuit and appeal will not dictate the outcome of this lawsuit. Accordingly, the pending appeal of the Texas lawsuit does not persuade this Court to stay this case.

Plaintiff also argues that this Court should abate or stay the case until Plaintiff's Texas attorney, Mr. West, can find a Washington State attorney to support his *pro hac vice* application. *See Id*. at 3-4. Plaintiff has not provided any support as to why this cannot be accomplished without staying this case. Plaintiff also has not indicated any reason to explain why his attorney has yet to be admitted.

Plaintiff provides little to no support for prolonging this case. Plaintiff has not shown that these circumstances justify a stay. *See Nken*, 556 U.S. at 433-34. Therefore, the Court declines to exercise its discretion to stay or abate this case.

## IV.    CONCLUSION

Based on the reasons above, the Court **DENIES** Plaintiff's Motion.  Dkt. # 8.

Dated this 7th day of May, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4