HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

9           UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
10                   AT SEATTLE

11  EDWARD RANDOLPH                   CASE NO.  2:23-cv-01619-RAJ
    TURNBULL, IV,
12                                    ORDER DENYING
13                 Plaintiff,         MOTIONS TO SEAL

14        v.

15
    OFFICE OF DISCIPLINARY
16  COUNSEL, *et al.,*

17
                   Defendants.
18

19                  **I.      INTRODUCTION**

20        THIS MATTER is before the Court on Defendants' Motions to Seal the Motion

21  to Dismiss and Reply in Support of Motion to Dismiss.  Dkts. # 18, 24.  Plaintiff does

22  not oppose this request.  For the reasons set forth below, the Court **DENIES** the Motions

23  to Seal without prejudice and with leave to re-file.

24

25

26

ORDER - 1

1

2

3

## II.   LEGAL STANDARD

Under the local rules, there is "a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g).  Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient."  LCR 5(g)(3)(B).  The party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."  *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

## III.   DISCUSSION

Defendants seek to seal information in the Motion to Dismiss because the filing contains references to disciplinary information that is deemed confidential under the Enforcement of Lawyer Conduct ("ELC").  Dkt. # 18 at 1. Defendants seek to seal information in the Motion to Dismiss on pages 1, pages 3 through 10, and pages 13 through 21.  *Id*. at 3.  Defendants purport that the "WSBA Defendants are bound by the ELC "to protect confidential information."  *Id*.  Defendants assert that public disclosure of confidential disciplinary information would cause them to violate the ELC which could lead to "an action for contempt of the Supreme Court."  *Id*. at 4 (citing ELC 3.2(f)). Defendants also seek to seal information on pages 2 through 9 of the Reply in Support of the Motion to Dismiss for the same reasons as stated above.  Dkt. # 24 at 3.

The Court has reviewed the motions to seal and must deny these requests at this time.  Defendants have shown a legitimate interest that warrants the relief sought and the

ORDER - 2

possible injury that would result if the relief sought is not granted.  However, after reviewing the substantially redacted portions of the briefing, it is not clear to the Court that protecting the confidential nature of this information could not be accomplished by less restrictive means.  Accordingly, Defendants' requests to seal the Motion to Dismiss (Dkt. # 18) and Reply in Support of the Motion to Dismiss (Dkt. # 24) are **DENIED** without prejudice.

### IV.     CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motions to Seal without prejudice.  Dkts. # 18, 24.  Defendants may re-file the motions to seal and propose narrowly tailored redactions.  Defendants shall file any motion to seal containing revised redactions within **fourteen (14) days** of this Order**.**  The Clerk shall not unseal any currently sealed documents filed pending further order of this Court.

DATED this 23rd day of August, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3