HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD RANDOLPH TURNBULL, IV,

                        Plaintiff,

        v.

OFFICE OF DISCIPLINARY COUNSEL,
et al.,

                        Defendants.

No. 2:23-cv-01619-RAJ

STIPULATED MOTION TO FILE
UNDER SEAL DEFENDANTS'
MOTION TO DISMISS AND TO FILE
UNREDACTED REPLY IN SUPPORT
OF MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
SEPTEMBER 6, 2024

## I.     INTRODUCTION & RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and the Court's Order Denying Motions to Seal (Dkt. # 28) (the "Order"), the WSBA Defendants[1] seek leave to file under seal extremely limited portions of their Motion to Dismiss (the "Motion"). Pursuant to this Stipulated Motion, the WSBA Defendants also will file an unredacted version of the Reply in Support of the Motion to Dismiss

---

[1] The "WSBA Defendants" consist of the WSBA's Office of Disciplinary Counsel; WSBA disciplinary attorneys Chief Disciplinary Counsel Doug Ende and Managing Disciplinary Counsel Craig Bray; the Disciplinary Board, including former review committee members Lisa Marsh, Natividad Valdez, and Gerald Kroon; and current and former members of the WSBA's Board of Governors, including Hunter M. Abell, Daniel D. Clark, Francis Adewale, Tom Ahearne, Sunitha Anjilvel, Todd Bloom, Lauren Boyd, Jordan Couch, Matthew Dresden, Kevin Fray [sic], P.J. Grabicki, Carla Higginson, Erik Kaeding, Russell Knight, Kristina Larry, Rajeev Majumdar, Tom McBride, Nam Nguyen, Bryn Peterson, Kari Petrasek, Brett Purtzer, Mary Rathbone, Serena Sayani, Kyle Cichetti, Alec Stephens, Brian Tollefson, Allison Widney, and Brent Williams-Ruth.

STIPULATED MOTION TO FILE UNDER SEAL DEFENDANTS'
MOTION AND TO FILE UNREDACTED REPLY - 1
No. 2:23-cv-01619-RAJ

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

(the "Reply"). As explained in Defendants' Unopposed Motion to File Under Seal Defendants' Motion to Dismiss (Dkt. # 18) and Unopposed Motion to File Under Seal Defendants' Reply in Support of Motion to Dismiss (Dkt. # 24) (collectively, the "Motions to Seal"), the Motion and Reply contain references to disciplinary information filed with the Washington State Bar Association ("WSBA"). The disciplinary information contained in the Motion and Reply is deemed "confidential" under the Rules for Enforcement of Lawyer Conduct ("ELC"). ELC 3.2(a). While Mr. Turnbull, as a grievant, has the right to publicly disclose "any information in [his] possession regarding a disciplinary matter" (*see* ELC 3.4(a)), the WSBA Defendants are duty bound by the ELC to protect the confidentiality of disciplinary information. *See* ELC 3.2(a), (f).

To protect the confidentiality of the disciplinary information, the WSBA Defendants initially proposed redacting all confidential disciplinary information contained in the Motion and Reply. Dkts. # 18, 20, 24, 26. The Court, however, denied the Motions to Seal, observing that it was not clear that the confidential nature of the disciplinary information could not be accomplished by less restrictive means. Dkt. # 28 at 3. After conferring on the Court's Order and the disciplinary information at issue, Plaintiff has agreed to waive any privacy interest or confidentiality protections applicable to the disciplinary information contained in the Motion and Reply with only one exception: the name and job title of the respondent in the underlying disciplinary matter—who is not a party to this case and who has not waived their privacy interests. Release based on lawyer waiver is permitted by ELC 3.4(c).

Accordingly, Plaintiff has agreed to release of the confidential information in the Motion and Reply. The name and job title of the respondent in the disciplinary proceedings should remain redacted in the Motion, however, as the public release of that confidential and identifying information would put the WSBA Defendants in breach of their duties under the ELC. *See* ELC

STIPULATED MOTION TO FILE UNDER SEAL DEFENDANTS'
MOTION AND TO FILE UNREDACTED REPLY - 2
No. 2:23-cv-01619-RAJ

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

3.2(f) ("Disclosure or release of information made confidential by these rules . . . may subject a person to an action for contempt of the Supreme Court. If the person is a lawyer, wrongful disclosure or release may also be grounds for discipline.").

## II.     CERTIFICATION OF CONFERRAL

Pursuant to LCR 5(g)(1)(A) and (3)(A), and the Court's Standing Order for Civil Cases (Dkt. # 7, ¶ 6), counsel for the WSBA Defendants (Jessica Skelton) conferred with Turnbull's counsel (Jay Rudinger) via email on September 4, 2024, regarding the Court's Order and the need to re-file the WSBA Defendants' Motion to Seal with more narrowly tailored redactions. Decl. of Jessica A. Skelton, ¶ 2. Consistent with the Court's Order and their subsequent discussions, the parties agreed to file this stipulated motion.

## III.     STATEMENT OF FACTS

The WSBA Defendants' Motion and Reply contains confidential disciplinary information. Under the ELC, the WSBA Defendants are required to maintain the confidentiality of the disciplinary information included in the Motion and Reply, and ensure the confidential information at issue is not publicly disclosed. *See* ELC 3.2(a), (f). To minimize the information filed under seal, the WSBA Defendants publicly filed a redacted version of the Motion on June 10, 2024, which redacted confidential disciplinary information contained on page 1, pages 3 through 10, and pages 13 through 21 of the Motion. Dkt. # 20. On July 8, 2024, the WSBA Defendants publicly filed a redacted version of the Reply, which redacted confidential disciplinary information contained on Pages 2 through 9 of the Reply. Dkt. # 26. The WSBA Defendants filed Motions to Seal the Motion and Reply on June 10 and July 8, respectively. Dkts. # 18, 24.

On August 23, 2024, the Court denied the WSBA Defendants' Motions to Seal without prejudice and with leave to re-file. Dkt. #28 at 1. Although the Court found that "Defendants have

STIPULATED MOTION TO FILE UNDER SEAL DEFENDANTS'
MOTION AND TO FILE UNREDACTED REPLY - 3
No. 2:23-cv-01619-RAJ

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1
2
3
4
5
6
7

shown a legitimate interest that warrants the relief sought and the possible injury that would result if the relief sought is not granted," the Court concluded that it was not clear from the redactions "that protecting the confidential nature of this information could not be accomplished by less restrictive means." *Id*. at 2–3. Accordingly, the Court denied the WSBA Defendants' prior Motions to Seal without prejudice to "re-file the motions to seal and propose narrowly tailored redactions." *Id*. at 3. This stipulated motion followed.

8

### IV.    AUTHORITY & ARGUMENT

9

**A.    Courts Permit Filing Under Seal for Compelling Reasons.**

10
11
12
13
14
15
16
17
18
19
20
21

Courts recognize a presumption of public access to judicial records. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); LCR 5(g). This presumption, however, can be overcome where a party demonstrates "compelling reasons." *Kamakana*, 447 F.3d at 1178. Although "compelling reasons" are often required for sealing material filed with a dispositive motion, the Ninth Circuit recognizes that such circumstances exist whenever "court files might . . . become a vehicle for improper purposes . . ." *Id.* (internal quotation marks omitted) (citation omitted). Relevant factors in determining whether compelling reasons exist "include public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010).

22
23
24

Under this Court's Local Rules, a party may file a document under seal "if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document." LCR 5(g)(2)(B).

25
26
27

STIPULATED MOTION TO FILE UNDER SEAL DEFENDANTS'
MOTION AND TO FILE UNREDACTED REPLY - 4
No. 2:23-cv-01619-RAJ

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**B.      Compelling Reasons Support Filing Limited Portions of the Motion Under Seal.**

There are compelling reason to file the confidential disciplinary information contained in the Motion—specifically, the name and job title of the respondent in the disciplinary matter—under seal. As discussed above, the name and job title of the respondent is "confidential" under the ELC, and the WSBA Defendants are bound by the ELC to protect the confidentiality of that information. *See* ELC 3.2(a). Whether Turnbull decides to publicly disclose disciplinary information—which is his right under the ELC—has no bearing on the WSBA Defendants' obligations to maintain the confidentiality of disciplinary information under the ELC. While Plaintiff has agreed to waive any privacy interest or interest in the confidentiality protections applicable to the previously redacted disciplinary information pursuant to ELC 3.4(c), Plaintiff has not agreed—nor could he agree—to waive the privacy interests of the respondent in the disciplinary matter. The respondent is not a party to this case nor has the respondent waived any privacy or confidentiality protections to which they are entitled under the ELC. As such, public disclosure of the respondent's name and job title in the Motion would cause the WSBA Defendants to violate the ELC, subjecting them to "an action for contempt of the Supreme Court." ELC 3.2(f).

By publicly filing a copy of the Motion with only the name and job title of the respondent in the disciplinary matter redacted, the WSBA Defendants have limited the sealed information at issue to only confidential disciplinary information involving the non-party respondent in the disciplinary matter. Given the confidential nature of the disciplinary information at issue, compelling reasons support filing limited portions of the Motion under seal. The Reply does not contain the respondent's name or job title, so the WSBA Respondents will file an unredacted version of the Reply.

STIPULATED MOTION TO FILE UNDER SEAL DEFENDANTS'
MOTION AND TO FILE UNREDACTED REPLY - 5
No. 2:23-cv-01619-RAJ

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## V.   CONCLUSION

The WSBA Defendants respectfully request that the Court permit the WSBA to file under seal an unredacted version of the Motion, with an appropriately redacted version of the Motion filed as part of the public record. The WSBA Defendants will file an unredacted Reply in the public record. As indicted by his signature below, Plaintiff Edward Turnbull, IV, stipulates and agrees to this motion and to the release of any confidential disciplinary information pursuant to ELC 3.4(c).

I certify that this memorandum contains 1,480 words, in compliance with the Local Civil Rules.

DATED this 6th day of September, 2024.

PACIFICA LAW GROUP LLP

_s/ Jessica A. Skelton_
Jessica A. Skelton, WSBA #36748
Ai-Li Chiong-Martinson, WSBA #53359
1191 Second Avenue, Suite 2000
Seattle, WA 98101
206-245-1700
Jessica.Skelton@pacificalawgroup.com
Ai-Li.Chiong-Martinson@pacificalawgroup.com

Attorneys for Defendants

IT IS SO STIPULATED this 6th day of September, 2024.

Edward Randolph Turnbull, IV

_s/ Edward Randolph Turnbull, IV_
Edward Randolph Turnbull, IV, Pro Se
6525 Washington Avenue
Houston, TX 77007
832-314-3232
erturnbull@tlegalg.com

STIPULATED MOTION TO FILE UNDER SEAL DEFENDANTS'
MOTION AND TO FILE UNREDACTED REPLY - 6
No. 2:23-cv-01619-RAJ

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750