HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL, IV,<br><br>                Plaintiff,<br><br>      v.<br><br>OFFICE OF DISCIPLINARY COUNSEL, *et al.,*<br><br>                Defendants. | CASE NO. 3:23-cv-001619-RAJ<br><br>ORDER |

## I.     INTRODUCTION

THIS MATTER is before the Court on a Motion to Seal filed by the WSBA Defendants.[1] Dkt. # 29. Plaintiff does not oppose this request. For the reasons set forth below, the Court **GRANTS** WSBA Defendants' Motion. Dkt. # 29

---

[1] The "WSBA Defendants" consist of the WSBA's Office of Disciplinary Counsel; WSBA disciplinary attorneys Chief Disciplinary Counsel Doug Ende and Managing Disciplinary Counsel Craig Bray; the Disciplinary Board, including former review committee members Lisa Marsh, Natividad Valdez, and Gerald Kroon; and current and former members of the WSBA's Board of Governors, including Hunter M. Abell, Daniel D. Clark, Francis Adewale, Tom Ahearne, Sunitha Anjilvel, Todd Bloom, Lauren Boyd, Jordan Couch, Matthew Dresden, Kevin Fray[sic], P.J. Grabicki, Carla Higginson, Erik Kaeding, Russell Knight, Kristina Larry, Rajeev Majumdar, Tom McBride, Nam Nguyen, Bryn Peterson, Kari Petrasek, Brett Purtzer, Mary Rathbone, Serena Sayani, KyleCichetti, Alec Stephens, Brian Tollefson, Allison Widney, and Brent Williams-Ruth.

ORDER - 1

## II. LEGAL STANDARD

Under the local rules, there is "a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). The party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

## III. DISCUSSION

On August 23, 2024, the Court denied the WSBA Defendants' Motions to Seal without prejudice and with leave to re-file. Dkt. #28 at 1. The Court determined that Defendants demonstrated a legitimate interest that warrants the relief sought and the possible injury that would result if the relief sought wasn't granted. *Id*. at 2-3. However, the Court determined the parties failed to demonstrate that protecting the information could not be accomplished by less restrictive means. *Id*. The Court has reviewed the newly proposed targeted redactions. The Court is satisfied that the re-filed redactions meet the standards set forth in the local rules. Accordingly, the Court **GRANTS** WSBA Defendants' Motion to Seal. Dkt. # 29.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Seal. Dkt. # 29. The Motion to Dismiss, Dkt. # 32, shall remained sealed on the docket.

Dated this 12th day of September, 2024.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 3